[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 28, 1983 in New York, New York. The plaintiff has resided in Connecticut for more than a year prior to October 19, 1993. There is one minor child issue of the marriage: Nadine Patrick, born February 28, 1985.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground. CT Page 7799
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84
of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The plaintiff is 36 years of age and in reasonably good health. She is presently employed by the State of Connecticut as a social services trainee earning a gross of $24,000 per year. The 10.
The defendant is aged 38 and in good health. Up to 1989, he was employed as a foreign car mechanic earning approximately $37,000 per year. In 1989, the defendant went into business on his own and is currently a 50% owner in Nimrod Motorcars. The defendant is a master mechanic. He also has the ability to make automotive parts that are no longer available, with emphasis on custom car restoration.
The company has failed to file tax returns for the years 1993 and 1994. The defendant and his partners claim the company is not making any profit. However, their accountant was unaware that the parties withdraw cash from the business for their personal insurance in the past years.
The financial picture of the defendant and of his business was elusive at best. In 1990, the company grossed $152,665 and in 1991 the company grossed $196,056. In 1992, the company grossed $81,413, and as indicated, no returns were filed for 1993 and 1994 while this case was pending.
The testimony of Mr. Kurt Schwanfelder who had expertise in the field of mechanics, testified that mechanics working on racing cars command $50,000 a year to start and a master mechanic could earn $100,000 a year and a grade A mechanic could earn $700 to $1000 per week plus benefits and perks.
Based on all the evidence presented, the court finds that the defendant has an earning capacity and ability to earn a minimum of $50,000 per year.
No useful purpose would be served by a review of all the evidence presented in this matter. Both parties and their witnesses were heard at length.
Both parties claimed the other was responsible for the CT Page 7800 breakdown of the marriage. The court declines to assess fault to either party for the breakdown of the marital relationship.
The parties entered into a stipulation along with proposed, agreed upon orders, dated June 6, 1995. The court approved this stipulation and entered it as an order on June 6, 1995.
Just prior to the conclusion of the trial, the defendant requested a change in custody because he believed the minor child no longer desired to move to Florida with her mother.
The court has reopened paragraph one of the stipulation relating to custody and has appointed an attorney to represent the minor child. This court retains jurisdiction over the custody and visitation of the minor child until such time as there is a report from the attorney for the child and/or a Family Relations study is initiated and completed. The child shall continue to reside with the plaintiff mother until further orders of this court.
The following orders shall enter:
A. Child Support, Medical and Visitation
 1. So long as the child continues to reside with the plaintiff, the defendant shall pay to plaintiff as child support the sum of $135 per week commencing immediately.
 2. If the defendant desires to pay on a monthly basis, he shall pay the sum of $581 per month, payable on the first of each month in advance.
 3. The parties have stipulated and agreed as to medical coverage for the benefit of the minor child and it is so ordered.
 4. The defendant shall continue to enjoy reasonable rights of visitation with the minor child pending the determination of custody.
B. Property Settlement
1. The court finds that:
 (a) The 1966 Austin Mini Cooper motor vehicle has a value of $25,000; CT Page 7801
 (b) the defendant has a 50% interest in Nimrod Motor Cars, Inc. valued at $15,000;
 (c) the 1985 Merkur motor vehicle was sold by the defendant, in contempt of this court's order not to dispose of any assets, for $3500.
 2. The plaintiff is awarded by way of a property settlement the sum of $22,000.
 3. Within 30 days of date, the parties shall agree in writing and file with the court a schedule for the payment of the lump sum property award. In the event the parties are unable to agree, the property settlement shall be paid as follows:
$4000 within six months of date;
$6000 on September 1, 1996;
$6000 on September 1, 1997,
$6,000 on September 1, 1998.
 4. In the event the defendant fails to make the payments as the parties agree upon or as set forth above, the plaintiff shall be entitled to interest at the rate of 6% on any unpaid balance.
C. Personal Property
 1. The defendant shall be entitled to the 1966 Austin Mini Cooper;
 2. the defendant shall be entitled to his 50% interest in Nimrod Motorcars, Inc.;
3. the plaintiff shall be entitled to her company pension.
D. Liabilities
 1. The defendant shall pay the outstanding motor vehicle taxes in the amount of $700 within 60 days of date. Upon payment of the motor vehicle taxes, the plaintiff shall CT Page 7802 return the company dealer plate to the defendant and thereafter the plaintiff shall be responsible for her own motor vehicle insurance. The defendant shall continue to be responsible for the motor vehicle insurance on this motor vehicle until such time as the taxes are paid and the plaintiff can register the motor vehicle in her own name.
 2. The agreement of the parties as to other liabilities as set forth in their stipulation is so ordered and made a part of this judgment.
 3. The specific debts that the defendant is ordered to pay shall be non-dischargeable under § 523(a)(5) of the Bankruptcy Code and shall be considered in the nature of alimony and/or child support for the maintenance and support of the plaintiff and the minor child.
E. Alimony
Commencing August 1, 1995, the defendant shall pay to the plaintiff as alimony the sum of $150 per month payable in advance for a period of five years, and thereafter the award of alimony shall be in the amount of $1 per year for a period of two years. Alimony shall terminate on the remarriage of the plaintiff, her death or the death of the defendant.
Term alimony is awarded to allow the plaintiff to complete her training program in Connecticut and/or to establish herself in the employment field in Florida or Connecticut. The alimony is kept open for an additional two years in consideration of the plaintiff's medical condition which is in remission at this time.
F. Counsel Fees
 1. During the course of this trial, the plaintiff filed two motions for contempt against the defendant:
 One was for the defendant selling a motor vehicle and dispersing the funds in willful violation of the court's order. The second contempt had to do with the arrears on the pendente lite award. The court retained jurisdiction over the award of counsel fees for both contempts.
CT Page 7803
 2. The plaintiff is awarded counsel fees in the amount of $750 to be paid by the defendant within 60 days of date.
 3. The plaintiff is awarded additional counsel fees in the amount of $1000.
Coppeto, J.